
JACKSON, *ex dem.* WOLCOTT AND OTHERS, *against* S. & D. CROSBY.

*In actions of ejectment relative to the lands in the military tract, where the principal or turning point in the cause, is as to the identity of the soldier entitled to the bounty land, each party claiming under a person of the same name, the court will grant a new trial on affidavits of newly-discovered evidence relative to the identity of the patentee, though such evidence may consist of cumulative facts relative to the same point which was the subject of inquiry at the former trial; these cases being peculiar, and not strictly governed by the rules relative to new trials in ordinary cases.*

THIS was an application for a new trial, on the ground of newly-discovered evidence. It appeared, from the affidavits read, that the action was brought to recover the possession of lot No. 71, in the township of *Virgil*, in the military tract, so called. The lessors of the plaintiff claimed as heirs at law of *Cornelius Brackett*, whom, they alleged, was the soldier to whom the letters patent were issued.

The defendants claimed under a deed from a person of the same name, bearing date the 24th of *August*, 1790, made to *Samuel Meredith*. The principal and important question between the parties, was as to the identity of the soldier, or patentee. The deed from *Cornelius Brackett* to *Samuel Meredith*, purported to have been executed at *New-York*; and, at the trial, there was considerable evidence, on the part of the plaintiff, to show that *Cornelius Brackett*, during the summer of 1790, resided constantly at *Woodbridge*, in the state of *Connecticut*. There was, also, some evidence, on the part of the defendants, to show that a person of that name resided, during that time, at *Crumpond*, in *West-Chester* county; and it was contended, that he was the same person who had resided at *Woodbridge*; and that the witnesses, on the part of the plaintiff, were mistaken as to the time of his residing at *Woodbridge*. The newly-discovered evidence, offered by the defendants, went to show, that the same *Cornelius Brackett* removed from *Woodbridge* to *Crumpond*.

*Sill*, for the plaintiff.

*Kellogg*, contra.

*Per Curiam.* The newly-discovered evidence goes very satisfactorily to show, that the same *Cornelius Brackett* who lived at *Crumpond*, removed from *Woodbridge*, when he came there. This is certainly very important testimony as to what is deemed, by both parties, to be the turning point in the cause.

The defendants are not chargeable with any very gross negli- <span>NEW YORK, Oct. 1815.</span> gence in not having discovered this evidence before the former trial. The identity of the soldier entitled to the military boun- <span>JACKSON v. WENDELL.</span> ty land, is a question often involved in much doubt and difficulty, and about which there is, usually, much contrariety of evidence. We have frequently granted new trials, under similar circumstances, though the newly-discovered evidence might be considered, in some degree, as cumulative facts, relative to the same matter which was the subject of inquiry on the former trial. These cases are peculiar; and not to be strictly governed by the rules adopted in ordinary cases. From the nature of the inquiry, the development of truth and the ends of justice have been found to be best answered by a liberal exercise of the power of granting new trials. We shall, therefore, grant a new trial on payment of costs.

New trial granted.(a)

———o✳o———

(a) Jackson, ex dem. Gardner, v. Laird. (8 Johns. Rep. 489.) Smith v. Brush, id. 84.