CASE No. 1100.

DURANT v. PHILPOT.

1. After judgment rendered in an equity cause by a Circuit judge, another Circuit judge may grant a new trial on the ground of after-discovered evidence, where such evidence would probably tend to induce a conclusion different from that reached at the former hearing.

2. A determination by the Circuit judge that defendant is not chargeable with insufficient diligence in discovering the new evidence in time for the former trial, is a finding of fact, which was sustained in this case on appeal.

3. The evidence in this case, even if cumulative, being in writing, and directly applicable to the very point upon which the former decision turned, furnished proper ground for a new trial.

4. In this State there is no rule that prevents the granting of a new trial on after-discovered evidence, the effect of which would be to impeach or contradict a witness examined at the former hearing.

5. A motion for new trial in an equity cause, made after decree filed and without the certificate of two counsel, or leave of the court, could not be sustained as a petition for rehearing, or as a bill of review; but such motion may be properly granted under the provisions of Chap. CV., § 2, of the General Statutes.

Before MACKEY, J., Pickens, September, 1880.

Motion by E. H. Lawrence and J. L. Gravely, in action by Olin L. Durant, Probate judge for Pickens county, against I. H. Philpot and these relators. The facts are substantially stated in the opinion of this court. The grounds of Judge Mackey's decision are given in his Circuit decree, which, after stating the facts of the case, and reaching the conclusion that the receipt was signed by W. G. Field, with full knowledge of its contents, proceeds as follows :

It being established by the receipt adduced herein that prior to the assignment of the mortgage in question, the original mort-gagee did agree to assign the same to the defendant, E. H. Law-rence, upon the said E. H. Lawrence paying the balance due on the bond of I. H. Philpot, which the said mortgage was given to secure, I am next to inquire as to the value of such proof in its bearing upon the finding of fact as set forth in the decree of the Circuit judge. The well-settled rule in such case is, that the newly-discovered evidence should be of some material fact, ranking so high in the scale of proof as to enforce the conclusion that, had it been adduced at the trial, it would have produced a different verdict or judgment. *Bunn* v. *Hoyt*, 3 *Johns.* 255.

It is necessary, therefore, to recur to the decree of the presid-ing judge (Hon. Thomas Thomson), in order to ascertain the facts deduced by him from the testimony, and which moulded his judgment adverse to the defendant.

I cite from the decree as follows :

" W. G. Field says : 'At the time the assignment was made I had been paid up in full, except $100 ; I took the Carlisle note as money, and the only thing due was the $100.'

" The payment of money, or receipt of a note accepted as money, discharged the debt, and, consequently, the mortgage. Writings or receipts are but evidences of the transaction. The mortgage had performed its duty and lost its lien on the land.

" Had the money been paid by E. H. Lawrence to W. G. Field, a presumption might be raised that it was for the use of the payer, and that he expected an interest in the mortgage. A party not a defendant, paying money upon an execution in the sheriff's office and stipulating at the time that the execution

should be kept open for his benefit, is allowed to explain the transaction, though the execution be returned satisfied.

" The money was in this case paid by the mortgagor, and no inference could be made that it was for the benefit of any one but himself.   *   *   *   W. G. Field was the owner of the mortgage.   Whatever may have been the agreement between I. H. Philpot and E. H. Lawrence, W. G. Field was not a party to it.   Yet, he was the most important party, and the first to be consulted if an assignment from him were desired.   W. G. Field was under no obligation to assign to a stranger upon payment of the amount due."

The foregoing citations make it evident that the conclusion of the Circuit judge as to the mortgage " having been extinguished before its alleged assignment by Field to Lawrence, is based upon the testimony of Field, to the effect that the mortgagor, Philpot, paid his own money in satisfaction of the mortgage, and that he (Field) had no transaction or agreement with the said Lawrence in the premises."   The Circuit judge manifestly upon this point adopted the finding of the refereee, who reports : " That there never was any agreement by the said W. G. Field to assign the said mortgage, and he never heard anything said about assigning it until a few minutes before he did assign it, when the said Philpot made the request, and he immediately assigned it."

Assuming as a proved fact that the mortgagor paid his own money in liquidation of his bond, it followed that there was no resulting trust to the subsequent assignee of the mortgage, and that he could take no title to the land described in the complaint under foreclosure of such mortgage, even though the said assignee had acted in perfect good faith as a creditor of the mortgagor, since the said mortgage, before its assignment, had ceased to be a legal entity, and had become as to the mortgagor as if it never had existed.   As said by the Court of Appeals of Maryland, in a recent case involving this question, " The principle is well settled that payment of an encumbrance by one whose duty is to pay, extinguishes it."   *Boyd* v. *Parker & Co.*, 43 *Md.* 202. The decree for the plaintiff is based upon the application of that principle to the facts in testimony, but the newly-discovered evi-

dence effectually negatives the only fact which rendered the principle at all applicable to the case.

I am now to consider whether the failure of the defendant to submit at the hearing of the cause the evidence which he now adduces as the ground of his motion, was the result of his own improvidence and want of due diligence. Upon the question as to what constitutes due diligence and the requisite proof of its exercise on the part of one moving for a new trial, on the ground of newly-discovered evidence, I have carefully considered the long line of authorities and the very able argument submitted by the learned counsel (W. E. Earle, Esq.,) on behalf of the plaintiff, and applying the test prescribed, I am satisfied that the defendant, E. H. Lawrence, is not chargeable with insufficient diligence.

It is true that it does not appear where or when he made diligent search or inquiry for the "receipt" which he now exhibits. But the sufficiency of his search or the extent of his inquiry cannot enter into the case, since it appears from the testimony that the receipt was never delivered to him in person, and he declares, in his affidavit, that he became aware of its existence too late to produce it at the trial. He could scarcely be expected to have made search for a paper, the very existence of which was unknown to him.

The language of the Supreme Court of the State of New York in granting a new trial, on the ground of newly-discovered evidence, in the case of *Jackson* v. *Crosby*, appears to me to embody the true rule that should govern the decision upon applications of this class. 12 *Johns.* 354. See, also, to the same effect, the opinion by Lord Mansfield in *Fabrilius* v. *Cock*, 3 *Burr.* 1771.

The objections that the defendant should have proceeded by summons and complaint herein, and not by petition and motion, and that the motion for a new trial should have been made during the term at which the cause was heard, and before the Circuit judge who rendered the decree, appear to be untenable, and were not insisted on by council for plaintiff.

It is sufficient to observe, as to the last objection, that it was not possible to give notice of the motion for a new trial during

the term, as the decision was reserved, and the decree was filed after the term had expired.

Nor, is it necessary that a motion for a new trial should be made before the judge who heard the cause. On this point, the Supreme Court says, in *Elmore* v. *Scurry*, 1 *S. C.* 139: "The power to grant new trials is vested in the Circuit Court, and is neither limited in terms to the judge who tried the case, nor to causes that have originated or been tried in the court as now constituted. It is an important power of a remedial nature, and ought not to be encumbered with limitations and conditions not in terms, or by necessary implication, imposed by legislative authority."

I am also satisfied that the correct form of procedure has been adopted herein.

It is, therefore, ordered that the judgment entered up in the above-entitled cause be vacated, and that a new trial be granted therein on payment of costs by the defendant, E. H. Lawrence.

The plaintiff appealed upon eight exceptions to this decree. The first four are sufficiently stated in the opinion. The fifth. and seventh were abandoned. The other two were as follows:

6. Because it is respectfully submitted that a new trial cannot be granted after final judgment where the trial is by the court.

8. Because the form of procedure adopted by the defendants, Lawrence and Gravely, in their efforts to obtain a rehearing, is neither recognized nor authorized by the laws of this State.

*Messrs. Earle, Wells & Taylor*, for appellants.

This being a case in chancery, errors of the Circuit judge, either of law or fact, may be corrected. 3 *S. C.* 531. In jury cases, motions for new trial need not be made before the judge who heard the cause. 1 *S. C.* 139. For error of law, appeal must be taken to this court. 14 *S. C.* 324. But in chancery cases, while a Circuit judge may grant a petition to institute proceedings in the nature of a bill of review, in a case heard by another Circuit judge, he cannot do what has been done here. Judge Mackey transposes the language of Judge Thomson's decree and ascribes to the latter language not used. There was

no evidence of due diligence to produce at the former trial this receipt, which must have been in the possession of some of the defendants. This is fatal to the application. 6 *Rich. Eq.* 364; 3 *Id.* 465; 16 *Ves.* 350; 2 *Dan. Ch. Pr.* 1638. The evidence is merely cumulative, and, therefore, not sufficient to gain a new trial. 1 *Story (U. S.)* 218, cited in 11 *Rich. Eq.* 52; 2 *Paige* 24; 3 *Story (U. S.)* 299, 311; 3 *Rich. Eq.* 536. *Jackson* v. *Crosby* and *Fabrilius* v. *Cock*, cited in the Circuit decree, do not fully sustain it. The evidence here would impeach a witness who testified at the first hearing; the motion should, therefore, be refused. 3 *Johns. Ch.* 124. The fifth and seventh grounds of appeal are not sustained by the brief. The mode adopted here has no sanction in this State. See 2 *Dan. Ch. Pr.* 1626; *Bailey Eq.* 284; 1 *Hill Ch.* 35; *Mitf. Eq. Pl.* 78, 81; 5 *Rich. Eq.* 422; 2 *Har. & J.* 230; *Story Eq. Pl.* § 634 *a.* There should have been a petition for leave to file a complaint in the nature of a bill of review. 5 *Mas. (U. S.)* 303.

*Mr. M. F. Ansel,* contra.

October 12th, 1881. The opinion of the court was delivered by

McIVER, A. J. The object of this action was to subject a certain tract of land to the payment of judgments held by the plaintiff against the defendant, Philpot, and, for this purpose, to set aside a sale of the same, under a judgment of foreclosure, to the defendant, Lawrence, and a deed made by him to his co-defendant, Gravely.

The facts, out of which the controversy grew, are, in brief, as follows: The defendant, Philpot, bought a tract of land from one W. G. Field, paying part cash, and giving his note, secured by a mortgage of the premises, for the balance. The allegation on the part of the defendants is, that Philpot borrowed the money from Lawrence with which to pay the note, and paid it to Field, with the understanding that when the note was fully paid to Field, it and the mortgage should be assigned to Lawrence, as a security for the money advanced by him. Accordingly, when Field received the balance due him on the note, the

mortgage, with the note, was assigned by Field to Lawrence. An action was then brought by Lawrence, as assignee of the mortgage, to foreclose the same, under which Lawrence bid off the land, and, subsequently, conveyed the same to the defendant, Gravely. The plaintiff, on the other hand, contends that the arrangement for the transfer of the mortgage to Lawrence was fraudulent and designed to defeat the creditors of Philpot, some of whom had reduced their claims to judgment, and that there was no agreement on the part of Field to assign the mortgage before the debt, secured by it, was paid, and, consequently, when the note was paid by Philpot, the mortgage was satisfied, and the assignment of it was a nullity. The case was heard by Judge Thomson at March Term, 1880, and, on May 3d thereafter, his decision was filed, in which he held that the evidence showed that there was no agreement for the assignment of the mortgage before the debt, secured by it, was paid, and, therefore, that the assignment was a nullity, and that the purchaser under the suit for foreclosure took nothing. He, therefore, ordered the land sold, and the proceeds disposed of as the court might thereafter order. Within ten days after this decision was filed, the defendants, Lawrence and Gravely, gave notice that, at the next term of the Court of Common Pleas, they would move for a new trial, upon the ground of newly-discovered evidence, and, also, filed a petition, accompanied with affidavits, setting forth fully the grounds of their motion. The newly-discovered evidence relied upon is in the form of a receipt, which reads as follows:

"Received of E. H. Lawrence four hundred dollars, to be credited on note I hold against I. H. Philpot. When the said Lawrence shall raise said note I agree to assign said mortgage to him.

(Signed)               "W. G. FIELD,<br>"January 12th, 1876."

At the next term of the court the motion for a new trial was heard by Judge Mackey and granted, whereupon the plaintiff appealed on various grounds, which will be considered in their order:

1. Because "one Circuit judge has no authority to reverse and nullify the decision or decree of another Circuit judge, as was done by the order granting a new trial in this instance."

It is quite manifest that Judge Mackey, in granting the motion for a new trial, does not undertake to reverse or nullify the decision or decree of Judge Thomson. The latter rested his decision solely upon the ground that the evidence, as presented to him, satisfied his mind that there was no agreement to assign the mortgage until after the debt, secured by it, had been paid by the mortgagor, and, therefore, that the assignment was a nullity, there being then nothing to assign. Judge Mackey, without pretending to controvert or question the correctness of this conclusion of fact on the testimony before Judge Thomson, and without questioning the conclusion of law deduced therefrom—indeed, admitting the correctness of the law laid down, simply holds that the newly-discovered evidence would have a very important bearing upon the question of fact, which was made the basis of the former decision, and would, probably, tend to induce a different conclusion, and grants the motion for a new trial, in order that the parties may have the opportunity of introducing this newly-discovered evidence. He does not grant the motion because of any error committed by Judge Thomson, but solely because of the discovery, since the former trial, of certain evidence, which, in his judgment, was well calculated to influence the result and show that the former decision was erroneous; not because of any fault or error in the judge who rendered the former decision, but because of the absence of that full light which subsequent discoveries have enabled the parties to shed upon the questions of fact involved. This ground of appeal cannot, therefore, be sustained.

The second ground of appeal is based upon the allegation that there was no evidence whatever tending to show that the parties could not, by the use of due diligence, have discovered the new evidence in time for the former trial. There is no doubt that, in order to entitle a party to a new trial, upon the ground of subsequently-discovered evidence, he must show not only that the evidence has been discovered since the former trial, but that he could not, by the use of due diligence, have acquired

a knowledge of the fact in time to use it at the former trial. As is said by Lord Eldon, in *Young* v. *Keightley*, 16 *Ves.* 350, the question is not what the petitioner knew, but what, by using due diligence, he might have known. If, therefore, the Circuit judge had ignored or disregarded this rule, that would have been such an error of law as would furnish ground for the reversal of his judgment. But he seems distinctly to have recognized this rule, and to have found as matter of fact " that the defendant, Lawrence, is not chargeable with insufficient diligence." The question of diligence is one of fact, and, as it has been found by the Circuit judge against the appellant, we see no ground, under the well-established rule, to reverse that finding. Indeed, the showing here seems to be quite as strong as it was in the case of *Ex parte Vandersmissen*, 5 *Rich. Eq.* 519, in which leave was granted to file a bill of review on the ground of newly-discovered evidence.

The third ground of appeal alleges error in granting the motion because the newly-discovered evidence was merely cumulative. It is not to be denied that appellant is sustained by expressions of opinion on the part of more than one chancellor in some of our reported cases, but we are not aware of any case in this State in which the abstract proposition has been involved and decided. We know of no case in which a new trial or a rehearing has been refused simply because the alleged newly-discovered evidence was merely cumulative. And when, as in this case, the newly-discovered evidence is in writing, and is so directly applicable to the very point upon which the decision at the former hearing turned, we think it would amount to a denial of justice to refuse the motion because the newly-discovered evidence may, in one sense, be regarded as cumulative. That there are cases in which a new trial has been granted on the ground of newly-discovered evidence which was merely cumulative, see *Jackson* v. *Crosby*, 12 *Johns.* 354. We may also remark that this evidence can scarcely be regarded as merely cumulative of that offered at the former hearing, for the real point in controversy then seemed to be whether the arrangement between Lawrence and Philpot was *bona fide* or collusive, and designed to defeat the creditors of Philpot, and Philpot did

not undertake to testify positively that there was any agreement between himself and Field, that the mortgage was to be assigned to Lawrence. His language was: "*Think* I told Field, in the spring of 1876, that when the $800 was paid, wanted him to assign the mortgage; think I must have told him so." We do not think that this ground of appeal should be sustained.

The fourth ground of appeal is based upon the proposition that a new trial should not be granted on the ground of newly-discovered evidence, the effect of which is to impeach or contradict a witness examined at the former hearing. Whatever may be the rule elsewhere, it is quite certain that such is not the rule in this State, nor does it seem to be the rule in England. In *Levingsworth ads.. Fox,* 2 *Bay* 520, a new trial was granted because evidence was discovered after the trial, showing that one Rountree, a witness who had testified at the former trial, was interested in the event of the suit, though he had stated, when examined on his *voir dire,* that he had no interest. In *Durant* v. *Ashmore,* 2 *Rich.* 184, a new trial was granted on the ground of after-discovered written evidence, which might have affected the credit of a witness examined at the former trial. So, in *Fabrilius* v. *Cock,* 3 *Burr.* 1771, a new trial was granted because evidence was discovered after the former trial, going to show the subornation of witnesses who testified at the first trial.

The fifth and seventh grounds of appeal having been abandoned, the only remaining question is as to the propriety of the mode of proceeding adopted in this case.

Under the practice of the former Court of Equity it might, perhaps, have been difficult to sustain the mode of proceeding adopted in this case. Under that practice, a petition for rehearing and a bill of review were sustainable on similar grounds, one of which was newly-discovered evidence (*Hunt* v. *Smith,* 3 *Rich. Eq.* 541); but a petition for rehearing was the proper mode of proceeding where the decree had not been signed and enrolled or filed, whereas, after the filing of the decree, the proper mode of proceeding would be by an application for leave to file a bill of review (*Simpson* v. *Downs,* 5 *Rich. Eq.* 425; *Hinson* v. *Pickett,* 2 *Hill Ch.* 353); and such

bill could not be filed without leave of the court. *Simpson* v. *Smith or Watts*, 6 *Rich. Eq.* 364. If, therefore, this should be regarded as a petition for rehearing, it is liable to two objections: First, because the decree had been filed, and, second, the petition is not certified by two counsel. *Ex parte Terry, Rice Ch.* 1; 3 *Dan. Ch. Pr.* 1623. On the other hand, if it be regarded in the nature of a bill of review, no leave of the court to file it seems to have been obtained.

It seems to us, however, that since the abolition of the Court of Equity and the requirement of the constitution in Section 3, Article V., that justice shall be administered in a uniform mode of pleading, without distinction between law and equity, these modes of proceeding, by a petition for rehearing and by bill of review, have become inapplicable, and that now the same results can be obtained by motion under the provisions of Section 2, Chap. CV., *Gen. Stat.* 497. *Hill* v. *Watson*, 10 *S. C.* 277. See also remarks of Simpson, C. J., in *State* v. *David*, 14 *S. C.* 428. It is true that the section of the General Statutes just referred to has been repealed by the act of December 21st, 1880, 17 *Stat.* 341; but this act, by its express terms, does not apply to judgments then existing or to cases then in suit, and, therefore, does not affect this case. We think, therefore, that there is no valid objection to the mode of proceeding adopted in this case.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.